[Civ. No. 702.   First Appellate District.—November 26, 1909.]

## JUE YEE, Appellant, v. CH. TETZEN & CO., a Corporation, Respondent.

ACTION FOR BEANS SOLD—LOSS BY FIRE—RIGHT OF SELECTION—PASSAGE OF TITLE—CONFLICTING EVIDENCE—QUESTION FOR TRIAL COURT.— In an action for beans sold, in which it was undisputed that the beans had been received by defendant, and that he had the right of inspection, and to select good beans and reject bad beans, when they were destroyed in the San Francisco fire, it was a question of fact to be determined by the trial court, upon conflicting evidence, as to whether the title had passed to defendant when the beans were destroyed; and its finding that the title had not passed will not be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Robert B. Gaylord, for Appellant.

M. H. Wascerwitz, for Respondent.

COOPER, P. J.—This action was brought to recover $5,129.92 for vanilla beans, alleged to have been sold and delivered by plaintiff's assignor to defendant corporation at its special instance and request.   Plaintiff recovered judgment for only $272, and hence he prosecutes this appeal from the judgment and from the order denying his motion for a new trial.

The subject of the controversy is one hundred and fifty tins of vanilla beans, the gross weight of which was fifteen thousand eight hundred and thirty-eight pounds, the said beans having been shipped from Tahiti, and delivered into the possession of the defendant, and were while in his possession in his storeroom burned in the fire of April 18, 1906.   There is no dispute as to the fact that the defendant was to pay thirty-four cents per pound for good vanilla beans.   There is no question as to the fact that the defendant had at the time of the fire the actual possession of the beans.   There is no

dispute as to the right of the defendant to have good beans and to reject all bad beans. The question, therefore, before the trial court was as to whether or not the title had actually passed to defendant at the time the beans were destroyed. This question, under a conflict in the testimony, was one peculiarly for the trial court to determine. It determined the question in favor of the defendant, and there is sufficient evidence to support the finding. There is evidence which, if true, shows that the beans were delivered only for the purpose of inspection, and in order that the good beans might be selected. There is evidence that the assignor of plaintiff went to the defendant on the morning of the fire and some two hours before the beans were burned, and asked the defendant to try to get a wagon and have the beans removed. There is evidence that in a long course of dealing between the parties as to the sale of the same kind of beans in the same kind of tins, that defendant always inspected the beans and ascertained the amount of good beans before it paid for them. The facts bring the case so near the line that we cannot disturb the finding to the effect that the title had not actually passed to defendant. To express our views upon the question independent of the determination of the trial court would serve no useful purpose.

The judgment and order are affirmed.

Kerrigan, J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 24, 1910.